JS 44 (Rev. 12/12)

CIVIL COVER SHEET

16-cv-1545

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

16   1545

## I. (a) PLAINTIFFS
Triple T Transport, Inc.

**DEFENDANTS**
Quaker City Produce Co., Peter Storey, and John Raimondo, in his capacity as Executor of the Estate of James P. Storey

**(b)** County of Residence of First Listed Plaintiff   Delaware County, OH
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Benesch, Friedlander, Coplan & Aronoff LLP
41 South High Street, Suite 2600
Columbus, Ohio 43215   Telephone (614) 223-9300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Breach of Transportation Contract, Unjust Enrichment, Fraud, and Piercing the Corporate Veil

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
135,255.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

APR -5 2016

DATE
04/04/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

JS 44 Reverse  (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**16    1545**

Address of Plaintiff: 704 Radio Drive, Lewis Center, Ohio 43035

Address of Defendants: 6700 Essington Avenue, Units B1 & B2, Philadelphia, Pennsylvania 19153; 5221 Alverstone Road, Clifton Heights, Pennsylvania 19018; 680 22nd Street, Avalon, New Jersey 08202

Place of Accident, Incident or Transaction: _Philadelphia , PA_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?          Yes ☐  No ☒

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes ☐  No ☒

CIVIL: (Place √ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ○ Indemnity Contract, Marine Contract, and All Other Contracts
2. ○ FELA
3. ○ Jones Act-Personal Injury
4. ○ Antitrust
5. ○ Patent
6. ○ Labor-Management Relations
7. ○ Civil Rights
8. ○ Habeas Corpus
9. ○ Securities Act(s) Cases
10. ○ Social Security Review Cases
11. ○ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ○ Airplane Personal Injury
3. ○ Assault, Defamation
4. ○ Marine Personal Injury
5. ○ Motor Vehicle Personal Injury
6. ○ Other Personal Injury (Please specify)
7. ○ Products Liability
8. ○ Products Liability — Asbestos
9. ○ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

○ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

○ Relief other than monetary damages is sought.

DATE: _____    _____    _____
Attorney-at-Law          Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

APR - 5 2016

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _4/4/2016_    _____    _85625_
Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| **TRIPLE T TRANSPORT, INC.,**<br>704 Radio Drive<br>Lewis Center, Ohio 43035,<br><br>        Plaintiff,<br><br>  vs.<br><br>**QUAKER CITY PRODUCE CO.,**<br>6700 Essington Avenue<br>Units B1 & B2<br>Philadelphia, Pennsylvania 19153,<br><br>  and<br><br>**PETER STOREY,**<br>5221 Alverstone Road<br>Clifton Heights, Pennsylvania 19018,<br><br>  and<br><br>**JOHN RAIMONDO in his capacity as Executor**<br>**of the ESTATE OF JAMES P. STOREY,**<br>680 22nd Street<br>Avalon, New Jersey 08202,<br><br>        Defendants. | **16   1545**<br><br>CASE NO. _____ |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special    APR -5 2016

9097293 v1

management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.

( )

(X)

| | | |
|---|---|---|
| 4/4/2016 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (302) 442-7010 | (302) 442-7012 | mbarrie@beneschlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

9097293 v1

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

9097293 v1





Michael J. Barrie
One Liberty Place
1650 Market Street - Suite 3611
Philadelphia, Pennsylvania 19103
Direct Dial: 302.442.7068
Fax: 302.442.7012
mbarrie@beneschlaw.com

**16    1545**

April 4, 2016

**VIA FEDERAL EXPRESS**

Clerk of the Court
United States District Court
For the Eastern District of Pennsylvania
601 Market Street, Room 2609
Philadelphia, PA  19106-1797

Re:    *Triple T Transport, Inc. v. Quaker City Produce Co., Peter Storey, and John Raimondo, in his capacity as Executor of the Estate of James P. Storey*

Dear Clerk of the Court:

Enclosed within this envelope for filing with the Court are the  documents to commence one action.  Also enclosed is a check in the requisite amount of $400.00, and the following documents:  the Original Complaint, the Civil Coversheet, the F.R.C.P. 7.1 Statement with two copies of the Designation form, the Case Management form, three Summonses and a CD containing all documents in a .pdf format.

Please return a copy of the file stamped action in the envelope provided for that purpose. Thank you for your attention to this matter.

Very truly yours,

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

Michael J. Barrie

MJB:cah

9097422 v1

$400



## CMR

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**TRIPLE T TRANSPORT, INC.,**
704 Radio Drive
Lewis Center, Ohio 43035,

              Plaintiff,

    vs.

**QUAKER CITY PRODUCE CO.,**
6700 Essington Avenue
Units B1 & B2
Philadelphia, Pennsylvania 19153,

    and

**PETER STOREY,**
5221 Alverstone Road
Clifton Heights, Pennsylvania 19018,

    and

**JOHN RAIMONDO in his capacity as
Executor of the ESTATE OF JAMES P.
STOREY,**
680 22nd Street
Avalon, New Jersey 08202,

              Defendants.

CASE NO. **16    1545**

**JURY DEMAND ENDORSED HEREON**


FILED
APR 05 2016
MICHAEL E. KUNZ, Clerk
By _____ Dep Clerk

## COMPLAINT

Now comes Plaintiff Triple T Transport, Inc. ("Triple T") and states for its Complaint

against Defendant Quaker City Produce Company ("Quaker City"), Defendant Peter Storey

("Peter Storey"), and Defendant John Raimondo in his capacity as Executor of the Estate of

James P. Storey (the "Storey Estate") (Defendants Quaker City, Peter Storey, and the Storey

Estate are sometimes referred to collectively as the "Defendants") as follows:

9097286 v1

## PARTIES

1.      Plaintiff Triple T is an Ohio corporation having its principal place of business in Lewis Center, Ohio.  Triple T is engaged in the business of the provision of transportation brokerage services.

2.      Quaker City is a Pennsylvania corporation having its registered principal place of business at 6700 Essington Avenue, Units B1 & B2, Philadelphia, Pennsylvania 19153.  Upon information and belief, Quaker City is engaged in the business of wholesale produce.

3.      Peter Storey is a living person, residing at 5221 Alverstone Road, Clifton Heights, Pennsylvania 19018.  Upon information and belief, Peter Storey is a member, manager, officer, shareholder, and/or has an ownership or controlling interest in Quaker City.  Peter Storey is the son of the late James P. Storey.

4.      John Raimondo is a living person, and is the Executor or other Personal Representative of the Storey Estate.  James P. Storey, is a former resident of Philadelphia, Pennsylvania, who died on October 13, 2015, and was during times relevant herein a member, manager, officer, shareholder, and/or had an ownership or controlling interest in Quaker City.  Upon information and belief, Mr. Raimondo resides at 680 22nd Street, Avalon, New Jersey 08202.

## JURISDICTION AND VENUE

5.      Triple T incorporates by reference each and every allegation set forth above.

6.      The Court possesses jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship jurisdiction) inasmuch as (a) Triple T is an Ohio corporation having its principal place of business in Lewis Center, Ohio; (b) all of the Defendants, either as persons, corporations, upon information and belief, citizens, or properly

domiciled, in states other than Ohio; and (c) Triple T seeks damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7.      The Court may exercise jurisdiction, pursuant to, *inter alia*, 42 Pa. Cons. Stat. § 5322, over the person of all Defendants.

8.      Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2) as the events or omissions giving rise to the claim occurred in the Eastern District of Pennsylvania.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.      Triple T incorporates by reference each and every allegation set forth above.

10.     During the period of July 31, 2015 through on or about October 20, 2015, Triple T and Quaker City entered into several written contracts under which Triple T arranged for the transport of various shipments in interstate commerce (the "Shipments") for Quaker City, in exchange for payment of freight charges (the written contracts are sometimes collectively referred to as the "Contracts").

11.     The Contracts were memorialized through the issuance of an invoice for each of the Contracts, where Quaker City agreed to pay attorneys' fees in the event Triple T engaged the services of an attorney to collect amounts due from Quaker City.  A true and accurate account statement itemizing the aggregate amount due from the invoices is attached hereto as **EXHIBIT 1**, and the voluminous, individual invoices will be produced upon request.

12.     Triple T operated as a transportation broker with respect to the Shipments, and each Shipment was transported pursuant to a Bill of Lading.  The voluminous, individual Bills of Lading will be produced upon request.

13.     The motor carriers selected by Triple T (the "Motor Carriers") received the Shipments from the various, individual consignors (all located in California) and properly performed the transportation of the Shipments to Quaker City in Philadelphia, Pennsylvania.

14.     Quaker City accepted the Shipments.

15.     Quaker City has received and retained the benefit of the Shipments.

16.     Triple T has paid in full each of the Motor Carriers who performed the actual transportation of the Shipments.

17.     Triple T has made repeated demands upon Quaker City to make payment of the freight charges in accordance with the Contracts.

18.     Quaker City has failed or refused to make full payment to Triple T for the freight charges incurred in connection with the brokerage of the Shipments.

19.     As of the date of this Complaint, Defendants owe Triple T, for principal freight charges of an aggregate total of One Hundred Thirty Five Thousand Two Hundred Fifty Five and 00/100 Dollars ($135,255.00).

## FIRST CLAIM FOR RELIEF
### (Breach of Transportation Contracts Against Quaker City)

20.     Triple T incorporates by reference each and every allegation set forth above.

21.     Triple T entered into valid and enforceable Contracts with Quaker City for each of the Shipments.

22.     Pursuant to the terms of the Contracts, Quaker City agreed to, *inter alia*: (i) pay Triple T, all freight charges due and owing as a result of Triple T arranging for the transportation of the Shipments, within a net thirty (30) days from the invoice date; and (ii) pay any collection or attorneys' fees, plus interest, for unpaid invoices.

23.     Triple T has performed all of its obligations under the Contracts, and all conditions precedent to recovery of the unpaid freight charges have occurred.

24.     Quaker City has breached the Contracts by refusing to pay Triple T the freight charges currently due and owing despite repeated demands for payment.

25.     Quaker City's breach of the Contracts has caused injury to Triple T.

26.     As a result, Triple T is entitled to recover from Quaker City, the sum of One Hundred Thirty Five Thousand Two Hundred Fifty Five and 00/100 Dollars ($135,255.00), plus pre-judgment and post-judgment interest, attorneys' fees, and costs.

## SECOND CLAIM FOR RELIEF
### (*Quantum Meruit/Unjust Enrichment Against Quaker City*)

27.     Triple T incorporates by reference each and every allegation set forth above.

28.     During the period of July 31, 2015 through, on or about, October 20, 2015, Quaker City requested that Triple T arrange for the transportation of the Shipments for Quaker City, as described above.

29.     Quaker City promised to pay Triple T the freight charges for the Shipments.

30.     Triple T arranged for the transportation of the Shipments, and Quaker City received the benefit of Triple T's services with regard to the Shipments.

31.     Quaker City has not paid Triple T in full the freight charges for the Shipments.

32.     The transportation services provided by Triple T to Quaker City are reasonably worth the sum of One Hundred Thirty Five Thousand Two Hundred Fifty Five and 00/100 Dollars ($135,255.00), plus pre-judgment and post-judgment interest, attorneys' fees, and costs.

33.     As a result, Triple T is entitled to recover from Quaker City, the sum of One Hundred Thirty Five Thousand Two Hundred Fifty Five and 00/100 Dollars ($135,255.00), plus pre-judgment and post-judgment interest, attorneys' fees, and costs.

## THIRD CLAIM FOR RELIEF
### (*Fraud Against Quaker City, Peter Storey, and the Storey Estate*)

34.     Triple T incorporates by reference each and every allegation set forth above.

35.     Quaker City had not used Triple T's transportation services for all of 2015, until the period of July 31, 2015 through, on or about, October 20, 2015.

36.     Upon information and belief, Quaker City was in financial distress as early as early 2015, and was insolvent at the time it engaged the services of Triple T in late July of 2015.

37.     Upon further information and belief, Quaker City had maxed out all of its credit with other transportation brokers and motor carriers, and moved on to Triple T, to use its credit.

38.     From the period of July 31, 2015 through on or about October 20, 2015, Quaker City, as well as James P. Storey and Peter Storey, as officers of Quaker City, induced Triple T to enter into the Contracts for the Shipments by making material representations that Quaker City would pay the freight charges associated with the Shipments.

39.     However, Quaker City, James P. Storey, and Peter Storey's representations that Triple T would be paid the freight charges for the Shipments were false, as James P. Storey, Peter Storey, and Quaker City, had no intention to ever pay Triple T freight charges for the Shipments.

40.     Triple T reasonably relied upon the material representations that it would be paid the freight charges, to its detriment, by continuing to perform the Contracts and by paying the Motor Carriers who hauled the Shipments.

41.     Quaker City's actions, and those of James P. Storey and Peter Storey, were intentional, malicious, made with a conscious reckless disregard, and made with knowledge of falsity.

42.     Triple T has suffered damages in the amount of One Hundred Thirty Five Thousand Two Hundred Fifty Five and 00/100 Dollars ($135,255.00).

43.     Accordingly, Triple T is entitled to recover from Quaker City, the Storey Estate, and Peter Storey, the amount of One Hundred Thirty Five Thousand Two Hundred Fifty Five and 00/100 Dollars ($135,255.00), plus pre-judgment and post-judgment interest, attorneys' fees, and costs, plus any punitive damages to be determined at Trial.

## FOURTH CLAIM FOR RELIEF
### *(Piercing the Corporate Veil Against the Peter Storey and the Storey Estate)*

44.     Triple T incorporates by reference each and every allegation set forth above.

45.     Upon information and belief, Peter Storey and James P. Storey, are or were officers, directors, shareholders, and/or have or had an ownership or controlling interest in Quaker City when Quaker City, James P. Storey and Peter Storey, agreed to pay all freight charges due and owing as a result of Triple T arranging for the transportation of the Shipments.

46.     Under the control and direction of Peter Storey, and James P. Storey, Defendants induced Triple T to enter into the Contracts for the Shipments, by making material representations that Quaker City would pay the freight charges associated with the Shipments.

47.     However, the representations of James P. Storey and Peter Storey , that Quaker City would pay freight charges for the Shipments were false, as James P. Storey and Peter Storey, acting under the corporate veil, had no intention to ever pay Triple T freight charges for the Shipments.

48.     Triple T reasonably relied upon the material representations that it would be paid the freight charges, to its detriment, by continuing to perform the Contracts and by paying the Motor Carriers who hauled the Shipments.

49.     Quaker City is and was a mere instrumentality of the James P. Storey and Peter Storey.

50.     Peter Storey and James P. Storey's, exercise of control over Quaker City is and was so complete that the Quaker City has, or had, no separate mind, will, or existence of its own.

51.     James P. Storey and Peter Storey exercised control over Quaker City in such a manner as to commit fraud, illegal, and other unjust and inequitable acts upon Triple T, as detailed above.

52.     Triple T has suffered an unjust loss or injury through abuse of the corporate form by James P. Storey and Peter Storey, by, upon information and belief, fraudulently inducing Triple T's services.

53.     Triple T is entitled to pierce Quaker City's corporate veil.

54.     Triple T is entitled to recover from the Peter Storey and the Storey Estate, in the amount of One Hundred Thirty Five Thousand Two Hundred Fifty Five and 00/100 Dollars ($135,255.00), plus pre-judgment and post-judgment interest, attorneys' fees, and costs, plus any punitive damages to be determined by the Court.

WHEREFORE, Plaintiff Triple T Transport, Inc. demands:

A.     Judgment in its favor against Defendants on all claims for relief;

B.     Judgment in its favor against Quaker City, jointly with respect to the First, and Second Claims for Relief, in the amount of One Hundred Thirty Five Thousand Two Hundred Fifty Five and 00/100 Dollars ($135,255.00), plus pre-judgment and post-judgment interest, attorneys' fees, and costs;

C.     Judgment in its favor against Defendants with respect to the Third Claim for Relief in the amount of One Hundred Thirty Five Thousand Two Hundred Fifty Five and 00/100

Dollars ($135,255.00), plus pre-judgment and post-judgment interest, attorneys' fees, and costs, plus any punitive damages to be determined at Trial;

      D.      Judgment in its favor against Peter Storey and the Storey Estate with respect to the Fourth Claim for Relief in the amount of One Hundred Thirty Five Thousand Two Hundred Fifty Five and 00/100 Dollars ($135,255.00), plus pre-judgment and post-judgment interest, attorneys' fees, and costs, plus any punitive damages to be determined at Trial; and

      E.      Such other and further relief at law, or in equity, that Triple T may be entitled.

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

Dated:  April 4, 2016

Michael J. Barrie (Pa. I.D. No. 85625)
Jennifer R. Hoover (Pa. I.D. No. 87910)
1650 Market Street, 36th Floor
Philadelphia PA 19103
(267) 207-2947

*Counsel for Plaintiff*
*TRIPLE T TRANSPORT, INC.*

## JURY DEMAND

Plaintiff Triple T Transport, Inc. hereby demands Trial by Jury, by the maximum number

of Jurors permitted by law, on all issues so triable herein.

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

Dated:  April 4, 2016

Michael J. Barrie (Pa. I.D. No. 85625)
Jennifer R. Hoover (Pa. I.D. No. 87910)
1650 Market Street, 36th Floor
Philadelphia PA 19103
(267) 207-2947

*Counsel for Plaintiff*
*TRIPLE T TRANSPORT, INC.*

# EXHIBIT A



TRIPLE T TRANSPORT, INC.
P.O. BOX 649
LEWIS CENTER, OH 43035
Office: (800) 365-1723 Ext. 8
Fax: (800) 971-4416
Email: ap@triplettransport.com

Statement date: 10/29/2015

Cutoff date: 10/29/2015

Bill to: QUAKER CITY PRODUCE CO.               QUAKPHPA
       6700 ESSINGTON AVENUE
       PHILADELPHIA PRODUCE MKT. B-1 - B-3
       PHILADELPHIA, PA 19153

| Invoice date | Order # | Reference # | Age | Orig. amount | Balance due |
|---|---|---|---|---|---|
| 08/05/2015 | 0048909 | JIM | 85 | 6,500.00 | 6,500.00 |
| 08/13/2015 | 0049902 | JIM STORY | 77 | 6,500.00 | 6,500.00 |
| 08/31/2015 | 0050915 | JIM STOREY | 59 | 6,300.00 | 6,300.00 |
| 09/03/2015 | 0052059 | JIM STOREY | 56 | 5,975.00 | 5,975.00 |
| 09/03/2015 | 0052500 | JIM STOREY | 56 | 5,875.00 | 5,875.00 |
| 09/04/2015 | 0051665 | JIM STOREY | 55 | 6,260.00 | 6,260.00 |
| 09/09/2015 | 0053183 | JIM STOREY | 50 | 5,875.00 | 5,875.00 |
| 09/09/2015 | 0053741 | JIM STOREY | 50 | 5,935.00 | 5,935.00 |
| 09/16/2015 | 0054195 | 921215 | 43 | 6,175.00 | 6,175.00 |
| 09/23/2015 | 0055129 | PETE STOREY | 36 | 5,935.00 | 5,935.00 |
| 09/28/2015 | 0054454 | PETE STOREY | 31 | 6,000.00 | 6,000.00 |
| 09/29/2015 | 0056718 | 11433 | 30 | 6,060.00 | 6,060.00 |
| 10/01/2015 | 0055736 | PETE STOREY | 28 | 6,300.00 | 6,300.00 |
| 10/02/2015 | 0056284 | PETE STOREY | 27 | 6,300.00 | 6,300.00 |
| 10/05/2015 | 0056720 | PETE STOREY | 24 | 6,300.00 | 6,300.00 |
| 10/08/2015 | 0056229 | PETE STOREY | 21 | 6,160.00 | 6,160.00 |
| 10/08/2015 | 0058448 | PETE STOREY | 21 | 6,360.00 | 6,360.00 |
| 10/12/2015 | 0057271 | PETE STOREY | 17 | 6,200.00 | 6,200.00 |
| 10/12/2015 | 0057326 | TTT | 17 | 5,935.00 | 5,935.00 |
| 10/14/2015 | 0057733 | PETE STOREY T | 15 | 6,300.00 | 6,300.00 |
| 10/19/2015 | 0059172 | PETE STOREY | 10 | 6,210.00 | 6,210.00 |
| 10/20/2015 | 0059350 | PETE STOREY | 9 | 5,800.00 | 5,800.00 |

| Current | OVER 30 DAYS | OVER 60 DAYS | OVER 90 DAYS | OVER 120 DAYS | Total |
|---|---|---|---|---|---|
| $67,925.00 | $54,330.00 | $13,000.00 | $0.00 | $0.00 | $135,255.00 |